UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

Case No. 6:03-cr-44-JA-LHP

RONALD BERNARD MILLS

_____

## ORDER

Before the Court is Defendant, Ronald Bernard Mills's motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 (Doc. 104), the Government's response in opposition (Doc. 109), and Mills's reply (Doc. 112). Based on the Court's review of the parties' submissions—and in light of the Supreme Court's recent decision in *Rutherford v. United States*, No. 24–820, 2026 WL 1485535 (U.S. May 28, 2026)—the motion must be denied.

## I.    BACKGROUND

In 2003, Mills was sentenced to more than 108 years' imprisonment for his involvement in a series of armed robberies. (*See* Doc. 54). The duration of his sentence was informed by the then-mandatory 85-year minimum for four convictions under 18 U.S.C. § 924(c).

Years after Mills was sentenced, Congress passed the First Step Act of

2018, 132 Stat. 5194, "a landmark piece of legislation that changed the federal criminal-sentencing system in numerous respects," *Rutherford*, 2026 WL 1485535, at *4 (quoting *Hewitt v. United States*, 606 U.S. 419, 424 (2025)). "Among the changes was the elimination of § 924(c)'s 25-year stacking requirement for first-time offenders," a change that would have made a drastic difference to Mills's sentence. *Id.* (citing § 403(a), 132 Stat. 5222). Because of the First Step Act, Mills would face only a 31-year mandatory-minimum sentence today for identical crimes committed under identical circumstances. Because this intervening change in law has produced an outcome in which a similar defendant could receive a sentence up to 54 years lower than the sentence Mills received, Mills moves to have his sentence reduced to 35 years under U.S.S.G. § 1B1.13(b).

## II.    LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). Once the administrative requirements set forth in § 3582(c)(1)(A) are exhausted, a district court deciding whether to reduce a sentence must consider "the factors set forth in section 3553(a) to the extent that they are applicable" as well as whether there are "extraordinary and compelling

reasons" warranting the requested reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

The United States Sentencing Commission's policy statement on motions for compassionate release outlines six circumstances that individually or in combination may constitute extraordinary and compelling reasons warranting relief: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether defendant was a victim of abuse while incarcerated; (5) "other reasons" similar in gravity to the preceding four reasons; and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b). Under the "unusually long sentence" category, the Sentencing Commission explained that, if certain parameters are met, a district court may consider a change in sentencing law as an extraordinary and compelling circumstance "where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. App. C, Amdt. 814.

On May 28, 2026, the Supreme Court of the United States issued its opinion in *Rutherford v. United States*, 2026 WL 1485535 (U.S. May 28, 2026). In *Rutherford*, the Supreme Court held that the Sentencing Commission overstepped its statutory authority to the extent that it advised that a

3

nonretroactive change to sentencing law that causes a sentencing disparity could constitute an "extraordinary and compelling" circumstance justifying compassionate release. *Id.* at *10. Instead, the *Rutherford* Court determined that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." *Id.* at *6 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The Court concluded that "[t]he statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id.* at *10.

## III. DISCUSSION

Mills moves for a sentence reduction under section 3582(c)(1)(A) based on his "unusually long sentence, combined with his individual circumstances." (Doc. 104 at 6). Mills's argument for a reduced sentence rests largely on the existence of an enormous disparity between the sentence he currently serves and the term he could potentially receive if sentenced today. (*See id.* at 8–12). This Court sympathizes with Mills's position and has granted relief to other defendants on this basis before. *See United States v. Borja-Antunes*, No. 5:11-cr-17, 2025 WL 2821203, at *3 (Oct. 3, 2025); *United States v. St. Preux*, No. 5:06-cr-00029, 2024 WL 4692033, at *3–4 (M.D. Fla. Nov. 6, 2024); *United States v.*

*Lewis*, No. 6:13-cr-00221, 2024 WL 4643948, at \*2–3 (M.D. Fla. Oct. 31, 2024).

But *Rutherford* now controls. *Rutherford* explicitly states that a nonretroactive change in the law such as the one Mills complains of cannot establish an "extraordinary and compelling" reason for compassionate release. 2026 WL 1485535, at \*10. Thus, Mills's argument must be rejected.

Mills's other arguments—that he was young at the time he became a career offender, endured childhood trauma, suffers from borderline intelligence and substance abuse, and has purportedly rehabilitated himself in prison—do not justify compassionate release. The factors Mills highlights—his youth, childhood trauma, and borderline intelligence—are ordinary mitigation factors; they are not "extraordinary and compelling" reasons to reduce a sentence decades later. *See, e.g.*, *Rutherford*, 2026 WL 1485535, at \*2 (stating that "the heartland of compassionate release . . . has long been defined by a prisoner's personal circumstances, such as medical condition, age, and family circumstances"). Moreover, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* at 8 (citing 28 U.S.C. § 994(t)). Thus, Mills's motion must be denied.

## IV.  CONCLUSION

Because *Rutherford* precludes this Court from finding that a nonretroactive change in law that results in a massive sentencing disparity is

an "extraordinary and compelling" circumstance under section 3582(c)(1)(A)(i),

Mills's motion (Doc. 104) is **DENIED**.

 **DONE** and **ORDERED** in Orlando, Florida, on June ___8___, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Ronald Bernard Mills